VERNON LANE V. THE STATE.

No. 9616.    Delivered December 2, 1925.

**Pandering—Evidence—Sufficiency of.**

Where an indictment charges pandering by encouraging a female to remain in a house of prostitution, the state must prove that the place was a house of prostitution, that being the gravamen of the offense. The evidence in this case wholly fails to sustain this allegation in the indictment and the cause must be reversed and remanded. Following Hardaman v. State 273 S. W. 584.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of pandering, penalty five years in the penitentiary.

The opinion states the case.

*Cole N. Simpson,* of Clarendon, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is pandering; the punishment is five years in the penitentiary.

The appellant was convicted on the first count in an indictment which charged that by the abuse of a position of confidence and authority he did procure, cause, induce, entice, persuade and encourage a female, to-wit, Ruby Lane, to become and remain in a house, room and place in which prostitution was then and there encouraged and allowed for the purpose of prostitution, etc.

In the view we take of the case, it is not necessary to discuss but one question. The State's testimony shows that Ruby Lane was the wife of the appellant and that he rented a room at the Smith Hotel in the City of Amarillo and paid the rent thereon for one week and that on one occasion while he and his wife were occupying said room he procured one Braxton to have intercourse with his wife. Outside of this testimony, there is no suggestion in the record that the Smith Hotel is a house of prostitution. After this testimony was introduced by the State, then over the appellant's objection proved that appellant and his wife roomed at a place located at 702 East Second Street in the City of Amarillo. The State undertook to prove by a deputy constable that this last house had the reputation of being a house of ill fame. This officer, however, testified that such was its reputation about two years before that and said "1 guess it still had that reputation." So far as we have been able to determine from the record, this is the only testimony showing that the last named place was a house of ill fame. It is undisputed that the appellant and his wife merely had one room at this house and that one other woman lived at the house, but occupied a separate room which was in nowise connected with the room occupied by the appellant and his wife and the record is sufficient to show that appellant and his wife had no connection nor association with the other occupant of said house. On the contrary, the record seems to be conclusive that there was no passage way between the room occupied

by the other woman and that occupied by the appellant and his wife. In our opinion, the State has wholly failed to make a case under the facts for the offense with which the appellant is charged. What has just been said, it seems to us, makes it clear that the proof is insufficient to show that the room occupied by these parties on East Second Street was a house of prostitution as that term is defined by the law writers. So far as the room at the Smith Hotel is concerned, the proof is clear that but one act of illicit intercourse took place therein and it has been decided by this court that a place cannot be covered with the stigma of a bawdy house by proof of a single act of prostitution in said house. Hardaman v. State, 273 S. W. 584.

In order to convict this appellant it was necessary to show that he, by an abuse of a position of confidence or authority procured his wife to remain an inmate of a house of prostitution. While the record discloses a statement of facts that is repulsive to every idea of decency, and if the State's testimony is true, it brands this appellant as of the lowest strata of the underworld, yet, we think the facts are not sufficient to show that the house described in the testimony was a house of prostitution as that term is used in the pandering Statute.

Under the facts disclosed by this record, we think the appellant is not shown to be guilty of the offense of pandering as described in Art. 519 of the New C. C. P., but his offense, if any, is that of procuring, as described in Art. 525 of said Code. Johnson v. State, 201 S. W. 990.

Because the facts are insufficient to show that the house in which appellant's wife resided was a house of prostitution, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.